{¶ 32} Because the Review Commission's determination that the employer filed a timely appeal was not unlawful, unreasonable, or against the manifest weight of the evidence, I respectfully dissent.
 {¶ 33} R.C 4141.281(D)(1) provides in part, "Any timely written notice by an interested party indicating a desire to appeal shall be accepted." There exists no specific form for the notice of appeal. See, Altizer v. Bd. of Review (March 12, 1996), 10th Dist. No. 95APE10-1310, 1996 Ohio App. LEXIS 951, 6, construing identical language in former R.C. 4141.28(I)(1).
 {¶ 34} The notice sent to the employer on August 13, 2003 contains a notice advising the employer of its right to appeal. The notice states in relevant part: "If you do not agree with this determination, you may file an appeal * * *. Your appeal should include the claimant's name, social security number, andadditional facts, with documentation to support the appeal." (Emphasis added.)
 {¶ 35} In the instant case, the employer sent a notice on September 1 or 3, 2003, which included the claimant's name and additional facts demonstrating why Dragon was fired. Although the correspondence does not explicitly state it is a "notice of appeal" or request review, it sets forth in substantial part, the information requested in the notice informing the employer of the right to appeal.
 {¶ 36} In Altizer, the Tenth District Court of Appeals considered facts similar to those presented here and concluded:
 {¶ 37} "R.C. 4141.28(I)(1) [now R.C. 4141.281(D)(1)] does not require any specific form for the notice of appeal but only requires a written notice indicating a desire for review of a previous determination and the reasons for the request. The notice of determination of benefits does require additional information, such as the basis for the disagreement with the board's decision, a social security number, and a signature. The statement filed by Cooley on behalf of the employer minimally complies with these requirements. To hold that precise or specific language is mandated could work a disservice to many claimants who represent themselves before the board. Such a requirement would not be in compliance with the requirements of R.C. 4141.46, which requires the liberal construction of the unemployment compensation laws." Id. at 6-7.
 {¶ 38} The factual determination made by the Review Commission when it found the appeal was timely filed is entitled to deference by both this court and the trial court. Aliff v.Ohio Bur. of Empl. Serv. (March 9, 2001), 1st Dist. No. C-000238, 2001 Ohio App. LEXIS 994, 4, citing Tzangas v. OhioBur. of Emp. Serv. (1995), 73 Ohio St. 3d 694. Neither the trial court nor we may reverse the Review Commission's determination unless it is unlawful, unreasonable, or against the weight of the evidence. Tzangas, 73 Ohio St.3d at paragraph one of the syllabus. In the instant case, the Review Commission is finding that the employer filed a timely appeal was not unlawful, unreasonable, or against the manifest weight of the evidence. I would reverse the trial court's judgment.